UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-00824 (CCK) |
| ) | |
| KEN GOLDBERG, ) | |
| ) | |
| and ) | |
| ) | |
| MICHAEL COLIGAN ) | |
| Metropolitan Police Department ) | |
| Third District Substation ) | |
| 750 Park Road, N.W. ) | |
| Washington, DC ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

## RESPONDENT COLIGAN'S MOTION TO DISMISS THE PETITION FOR WRIT OF MANDAMUS RELIEF

Respondent Michael Coligan, through counsel and pursuant to Fed. R. Civ. P. 12(b)(1) and (6), respectfully moves to dismiss the petition for writ of mandamus relief. As grounds for this motion, respondent Coligan submits that this Court lacks jurisdiction since plaintiff has no standing to bring this petition and that petitioner's allegations otherwise fail to state a claim warranting the extraordinary remedy of mandamus.[1]

The grounds in support of this motion are fully set forth in the accompanying memorandum of points and authorities, which is attached hereto and incorporated by reference.

---

[1] It does not appear that Detective Goldberg, the other named respondent, has been served with the petition. The grounds for dismissal raised in this motion would nevertheless apply for Detective Goldberg as well.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Toni Michelle Jackson /s/
TONI MICHELLE JACKSON [453765]
Interim Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
By:   CARL J. SCHIFFERLE [463491]
      Assistant Attorney General
      Suite 600S
      441 Fourth Street, N.W.
      Washington, D.C. 20001
      (202) 724-6624
      (202) 727-3625 (fax)
      Email:  carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN PHILLIPS, )<br>)<br>      Petitioner, )<br>)<br>v. )<br>)<br>KEN GOLDBERG, *et al.*, )<br>)<br>      Respondents. )<br>                                                  ) | Civil Action No. 07-00824 (CCK) |

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT
COLIGAN'S MOTION TO DISMISS THE PETITION FOR WRIT OF MANDAMUS RELIEF</u>

I.      INTRODUCTION

      Respondent Michael Coligan, a Metropolitan Police Department officer, moves to dismiss this petition for writ of mandamus relief. Petitioner Shawn Phillips seeks a writ of mandamus, based on the Fourth Amendment, to prevent the two respondent police officers from allegedly "harassing" him. (Pet. 4). Petitioner requests a court order directing the two respondent officers to "stay away from me upon me coming home from jail soon." (Id.) Based on a notice of address change filed in this case, petitioner was apparently released from prison on October 23, 2007.

      Respondent Coligan's contact with petitioner occurred on April 19, 2004, when he arrested petitioner on an outstanding warrant. (Exh. A, Arrest/Prosecution Report). The warrant was based on a complainant's report to police that petitioner struck him in the head with a two-by-four board with protruding nails. (Id. at 2). The petitioner's attack knocked the complainant unconscious, broke a bone in his face, knocked out some of his teeth, punctured his nose, and

caused him blindness in his left eye. (Id. at 2). Petitioner was subsequently sentenced in 2004 to thirty-nine months of incarceration. (Pet. 2).

Petitioner claims that, sometime before his arrest and sentencing in 2004, Officer Coligan routinely stopped him by his home. (Pet. 3). Petitioner also alleges that Officer Coligan entered the home of petitioner's friends and also issued petitioner moving violations and parking violations "without making a vehicle stop." (Id.) Petitioner provides no details regarding these alleged incidents, such as time, date, location or other circumstances. Petitioner also alleges no encounter with Officer Coligan since his arrest in 2004.

II.   ARGUMENT

This Court should dismiss the petition for mandamus relief. Technically, the Federal Rules of Civil Procedure abolished the writ of mandamus in the district courts. Fed. R. Civ. P. 81 (b). Rule 81(b), though, permits "relief heretofore available by mandamus" to be obtained in actions brought in compliance with the Civil Rules. "'The principles that governed the former writ now govern attempts to secure similar relief,' such as a mandatory injunction ordering a government employee or agency to perform a duty owed to the plaintiff." In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005), quoting Sanchez-Espinoza v. Reagan, 770 F.2d 202, 207 n.7 (D.C. Cir. 1985). Here, petitioner seeks mandamus-type relief by requesting an injunction against the respondent police officers that would affect the performance of their official duties. Petitioner, however, lacks standing to bring this petition and otherwise fails to justify the extraordinary relief requested.

A.     Petitioner Lacks Standing to Bring This Action.

Petitioner first lacks standing for the relief requested. Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges a threat of future injury that is both "real and immediate," not merely "conjectural" or "hypothetical." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Although "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury," O'Shea v. Littleton, 414 U.S. 488, 496 (1974), "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." Lyons, 461 U.S. at 102, quoting O'Shea, 414 U.S. at 496; accord Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 108-110 (1998) ("Because respondent alleges only past infractions of [the statute], and not a continuing violation or the likelihood of a future violation, injunctive relief will not redress its injury.")

Here, the petitioner cannot show a real and immediate threat of future injury. Petitioner's allegations against Officer Coligan relate to alleged incidents occurring before petitioner's arrest in April 2004. Thus any alleged past injury occurred at least four years ago. Petitioner alleges no subsequent encounter with Officer Coligan. The petition does not even assert that Officer Coligan is currently assigned to the same police district where plaintiff resides.[2] Moreover, the previous incidents are described in such conclusory terms that the petition does not sufficiently allege any prior unlawful conduct by Officer Coligan. Because the petition vaguely alleges incidents occurring many years ago, and not a continuing or imminent threat of injury, the petition should be dismissed for lack of standing.

---

[2] Indeed, as reflected on the return of service, Officer Coligan is now assigned to the Third Police District, not the First District where petitioner lives.

3

B.    Petitioner's Allegations Otherwise Fail to Justify Mandamus Relief.

Petitioner also fails to state a sound basis for mandamus relief. Jurisdiction over actions in the nature of mandamus "is strictly confined." In re Cheney, 406 F.3d at 729. Whether a petitioner is seeking mandamus remedy in the district court or the appellate courts, "analysis of whether mandamus relief is appropriate should . . . be constrained" by the same principles. Id., quoting Cheney v. United States District Court, 542 U.S. 367, 390-91 (2004). As the D.C. Circuit has noted, "mandamus is 'drastic'; it is available only in 'extraordinary situations'; it is hardly ever granted; [and] those invoking the court's mandamus jurisdiction must have a 'clear and indisputable' right to relief." In re Cheney, 406 F.3d at 729, quoting In re Cheney, 334 F.3d 1096, 1101-02 (D.C. Cir. 2003). Moreover, "even if the plaintiff overcomes all these hurdles, whether mandamus relief should issue is discretionary." In re Cheney, 406 F.3d at 729.

Petitioner's allegations hardly establish a clear and indisputable right to relief. Once again, the petition alleges only in the vaguest terms some encounters with Officer Coligan at least four years ago. Petitioner provides no detail regarding the time, date or location of these alleged incidents so as to indicate any possible merit to his allegations. It well may be that these prior encounters with police, even if true, were justified or resulted in convictions.[3] Without any explanation regarding the circumstances of these alleged incidents, petitioner cannot show any past harm let alone any threat of future injury. Petitioner's requested relief – a court order directing respondent officers to stay away from petitioner – is also unjustifiable because the respondent officers have a duty to enforce the law and plaintiff has a history of breaking it.

---

[3] According to public records of the Superior Court of the District of Columbia, petitioner already had an extensive criminal history at the time of his arrest, including a conviction for assault on a police officer. See Exh. B, D.C. Pretrial Services Agency Report 4/20/04.

4

Petitioner's requested stay away order would therefore intrude upon the law enforcement function. There is also the danger that the present action may be pretext for harassing and retaliatory litigation against police officers for making a proper arrest of petitioner. Therefore, petitioner's right to the drastic remedy of mandamus is not clear and indisputable.

Finally, petitioner did not bring his petition in a timely manner. "As any remedy governed by equitable principles, mandamus must be sought with 'reasonable promptness.'" 13th Regional Corp. v. United States Dep't of Interior, 654 F.2d 758, 763 (D.C. Cir. 1980), quoting United States v. Olds, 426 F.2d 562, 566 (3d Cir. 1970). In this case, petitioner did not bring this action until over three years after his arrest by Officer Coligan. While petitioner may have been incarcerated during much of the intervening time, he has remained a prolific filer in this Court.[4] Accordingly, this Court should dismiss this petition because it was not brought with reasonable promptness. See 13th Regional Corp., 654 F.2d at 763 (holding that delay of four years in bringing petition warranted denial of petition).

III.   CONCLUSION

For the foregoing reasons, this Court should dismiss the petition for writ of mandamus relief.

>     Respectfully submitted,
>
>     PETER J. NICKLES
>     Interim Attorney General for the District of Columbia

---

[4] As this Court's docket reflects, plaintiff has filed eight other civil actions since his arrest. See Phillips v. USA, 04-cv-2130; Phillips v. Spagnoletti, et al., 04-cv-2168; Phillips v. USA, 05-cv-128; Phillips v. Smith, et al., 05-178 (RCL); Phillips v. Haynes, et al., 06-cv-071; Phillips v. Allen, et al., 07-cv-526; Johnsoin, et al. v. Lappin, et al., 07-cv-909; Phillips v. Lappin, et al., 07-1339.

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Toni Michelle Jackson /s/
        TONI MICHELLE JACKSON [453765]
        Interim Chief, General Litigation Section III

        /s/ Carl J. Schifferle /s/
By:   CARL J. SCHIFFERLE [463491]
        Assistant Attorney General
        Suite 600S
        441 Fourth Street, N.W.
        Washington, D.C. 20001
        (202) 724-6624
        (202) 727-3625 (fax)
        Email:  carl.schifferle@dc.gov

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing motion with accompanying memorandum of points and authorities and proposed order was mailed on this  1st  day of April, 2008, by first-class mail, postage prepaid, to:

Shawn Phillips
313 16th Street, S.E.
Washington, DC 20003

        /s/ Carl J. Schifferle /s/
        CARL J. SCHIFFERLE
        Assistant Attorney General

**METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.

ARREST/PROSECUTION REPORT
P.D. 163 Rev. 5/2002   G.O. 401.5

| | |
|---|---|
| 1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NCIC NO. (ID ONLY) | 2. ID NUMBER (ID ONLY) |
| 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) | 4. CID NUMBER |
| 5. UNIT-ARREST NO. | 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) <br> **Phillips, Shawn A** | 7. DEA LAB NUMBER |

| 8. Arresting Officer's Name <br> **Coligan, M K** <br> Rank: Ofc   Badge #: 4006   Agency: MPD | 9. TYPE OF RELEASE <br> ☐ CITATION ☐ BOND ☐ COLLATERAL <br> 12. COURT DATE: 4/19/2004 | 10. NICKNAME / ALIAS <br><br> 13. ADDRESS: ▶ 3301 16th ST NW | 11. PHONE NUMBER: unknown <br> 14. TIME IN D.C.: Life |

| 15. ☐ CHILD ABUSE  ☐ GANG  ☐ HATE  SPECIAL INTELLIGENCE  ☐ SENIOR CITIZEN  ☐ DOMESTIC VIOLENCE | 16. SEX ▶ Male | 17. RACE ▶ Black | 18. BIRTHDATE ▶ ███ | 19. SOCIAL SECURITY NUMBER ███ |

| 20. NEED INTERPRETER ☐ YES ☒ NO | 21. HEIGHT 5'8 | 22. WEIGHT 200 | 23. HAIR blk | 24. EYES brn | 25. COMPLEX Med | 26. PERMIT NO/ST unknown | 27. BIRTHPLACE Washington, DC |

| 28. CO-DEFENDANTS: Number 0 | 29. IMPERSONATOR? ☐ M ☐ F ☒ NO | 30. ETHNICITY African-American | 31. CAUTION violent tendencies |
|---|---|---|---|
| NAME, ADDRESS, ZIP CODE AND PHONE NUMBER <br> 1. <br> 2. <br> 3. | 32. SCARS/MARKS/TATTOOS: none <br> 33. HAT: none <br> 36. COAT: none | 34. JACKET: none <br> 37. SHIRT: black/white | 35. PANTS: green <br> 38. SKIRT/DRESS: none |

**39. WALES/NCIC CHECK**

| CHECK MADE BY (Name) | NCIC NUMBER | WARRANT ON FILE: Yes ☒ No ☐  USW 433-04 |
|---|---|---|

| 40. LOCATION OF OFFENSE ▶ Rear Alley 300 Block of 16th ST SE | DATE OF OFFENSE ▶ 4/10/04 | TIME OF OFFENSE ▶ 2000 |
| 40. LOCATION OF ARREST ▶ 1700 Block of C ST SE | DATE OF ARREST ▶ 4/19/04 | TIME OF ARREST ▶ 1805 |
| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY | |

**43. DEFENDANT ADVISED OF RIGHTS**

| DATE | TIME | LOCATION | OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A | BADGE NO. | UNIT |

**44. COMPLAINANTS / WITNESSES**  MORE ☐  See Back

| | NAME | ADDRESS | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
|---|---|---|---|---|---|
| W-1 | ███ | ███ | ███ | ███ | ███ |
| W-2 | | | | | |

| 45. SPEC. OPS: 109 | 46. TACTICS: 11 - Arrest Warrant | 47. PREMISES: 1 - Street | 48. SCHOOL ZONE ☐  PUBLIC HOUSING ☐ |

| CHARGES | NOI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA./BOND RECEIPT NO |
|---|---|---|---|---|
| 1. Aggravated Assault | USW433-04 | 052-401 | Lock up | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | 51. INITALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|
| PROPERTY BOOK/ PAGE NO.   CSES NO. | 52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS <br> Hangs Out on the Corners at 15th, 16th and 17th and C St SE. Assaults elderly men with weapons. | |

| 54. CCB USE ONLY | HEIGHT | WEIGHT | HAIR | EYES | COMPLEX | SCARS/MARKS/TATTOOS |

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor; Page 4, Unit Copy; Page 5 Officer's Copy

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

**DEFENDANT'S EXHIBIT A**

| 55. EMPLOYMENT HISTORY *(List present employment if any, on Line 1)* | | | | | |
|---|---|---|---|---|---|
| FROM –DATE –TO | EMPLOYER | ADDRESS | | BUS. PHONE | OCCUPATION |
| 1. | Unemployed | | | | |
| 2. | | | | | |

| 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES *(Begin with immediate family)* | | | | |
|---|---|---|---|---|
| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
| | | Unknown | | |
| | | | | |
| | | | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE ☐ YES ☒ NO ☐ REFUSED | 59. PHONE NUMBER |
|---|---|---|
| none | | |

**60. STATEMENT OF FACTS:** *(Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, etc as indicated in Item 31.)*

The event occurred on 4/10/04 at approximately 2000 at Rear Alley 300 Block of 16th ST SE in Washington DC.

C-1 reports to the Metropolitan Police that on April 10, 2004 at approximatley 8:00 PM, in the Rear Alley of the 300 Block of 16th ST SE, that he was walking out of the alley and going home when D-1 called C-1 back into the Alley. D-1 had his back to C-1 and when C-1 approached, D-1 struck him, in the head, with a two by four board that had nails pertruding from it. The strike caused C-1 to go unconscious. The strike also broke a bone in C-1's face, knocked some of his teeth out, put a hole in his nose and has caused him blindness in his left eye.

On April 18, 2004 at approximatley 6:42 PM a photo array was examined by C-1. C-1 positivley identified D-1 (Phillips, Shawn DOB 2/12/1981; Soc Sec # 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) as the person who assaulted him on April 10, 2004.

On April 19, 2004 Officer Coligan of the Metropolitan Police Department applied for and received an arrest warrant from DC Superior Court, in reference to the above listed assault, for Mr. Phillips, USW 433-04.

On April 19, 2004 at approx. 1805, while on routine patrol, Officer Coligan observed Mr. Phillips standing in the park, with a group of males, in the 1700 Block of C ST SE. Officer Coligan appraoched Mr. Phillips and conducted a stop. Mr. Phillips identified himself with a DC driver's permit with the name Shawn A. Phillips, DOB 2/12/1981 and his picture on it. A WALES/NCIC check through 1D dispatch confirmed the outstanding warrant.

Mr. Phillips was advised of the warrant, arrested and transported to 1D for processing.

On 4/18/2004 Crime Scene Search Unit 9239, Hammett recovered the board that was used in the assault and took pictures of C-1's injuries.

**61. DEFENDANT'S VERSION / REMARKS:** *[What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.)]*

| 62. RECORD CLERK'S NAME | | 3. | 5. | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|
| ARREST RECORD SUMMARY | | | | |
| 1. | 2. | 4. | 6. | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no
*(If yes, include in Defendant's Version/Remarks Section above.)*

| 66. PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL | |
|---|---|---|---|---|
| Coligan, M K | 4006 | Ofc | | |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT 1D | DATE 3/12/2008 | UNIT | DATE |

DISTRICT OF COLUMBIA PRETRIAL SERVICES AGENCY

THE FOLLOWING INFORMATION IS SUBMITTED FOR USE IN DETERMINING CONDITIONS OF RELEASE.

LOCKUP NO. 003                                                APRIL 20, 2004

UNITED STATES OF AMERICA VS SHAWN ANTONIO PHILLIPS

CHARGES: ADW                                    DATE OF BIRTH: 02-12-1981

ALSO KNOWN AS:
    SHAWN PHILLIPS

ADDRESS:

    CURRENT ADDRESS:    313 16TH STREET, SE
            WASHINGTON, DC 20003
    LIVES WITH: GRANDMOTHER
    LENGTH OF RESIDENCE: LIFE
    VERIFIED BY GRANDMOTHER

EMPLOYMENT/SCHOOL/SUPPORT:

    PRESENT STATUS: UNEMPLOYED
    HOW LONG: 6 MONTHS
    INCOME SOURCE: GRANDMOTHER
    VERIFIED BY GRANDMOTHER

    PRIOR STATUS:    EMPLOYED
    WHERE: CVS
    HOW LONG: 1 YEAR
    TYPE OF WORK:   STOCK CLERK
    VERIFIED BY GRANDMOTHER

COMMUNITY TIES/EDUCATION:

    DC AREA RESIDENT FOR: LIFE        STEADILY
    YEARS EDUCATION: 010
    MARITAL STATUS: SINGLE
    OTHER FAMILY IN AREA NOT LIVING WITH DEFENDANT:
        COUSINS
        AUNTS
        UNCLES
    VERIFIED BY GRANDMOTHER

HEALTH HISTORY:

    NO APPARENT HEALTH PROBLEMS

SELF-REPORTED SUBSTANCE ABUSE:

    THE DEFENDANT REPORTS NO DRUG USE IN THE PAST MONTH

TEST RESULTS:


PRETRIAL SERVICES CASE NO.: 04111985    BAID: 99202994    TIME: 10:34 AM



DEFENDANT'S EXHIBIT B

DISTRICT OF COLUMBIA PRETRIAL SERVICES AGENCY

LOCKUP NO. 003 (CONTINUED)                           APRIL 20, 2004
SHAWN ANTONIO PHILLIPS                                    PAGE: 02

    FROM: 04-20-04
             * NO INFORMATION AVAILABLE *

PENDING CASES:

    FILE DATE: 01-03-00
    DOCKET NUMBER: SD00008-00
    RELEASE DATE: 01-03-00   TYPE: PERSONAL RECOGNIZANCE
    OPEN CHARGES:
        SD00008-00    A      DISORDERLY
    OPEN BENCH WARRANTS:
        DATE: 02-04-00
        REASON: FAIL TO APPEAR - PR
    PENDING APPEARANCE:
        BENCH WARRANT ISSUED

    FILE DATE: 02-06-04
    DOCKET NUMBER: ST00670-04
    RELEASE DATE: 02-06-04   TYPE: PERSONAL RECOGNIZANCE WITH CONDITIONS
    APPEARANCE RELEASE CONDITIONS:
        OTHER CONDITION YOU SHALL NOT OPERATE ANY MOTOR VEHICLES
        OTHER CONDITION  IN DC W/OUT A VALID PERMIT
    SUMMARY OF RELEASE CONDITION COMPLIANCE FOR THIS CASE AS OF 04-20-04:
        PSA HAS NO COMPLIANCE INFORMATION IN THIS CASE.
    OPEN CHARGES:
        ST00670-04    A      SUSPENDED PERMIT
        ST00670-04    B      LEAVE AFTER COLLID INJURY
        ST00670-04    C      UNREGISTERED VEHICLE 40-105-A-1
    PENDING APPEARANCE:
        APPEARANCE DATE: 05-18-04
        APPEARANCE TYPE: JURY TRIAL

PRIOR CONVICTIONS:

    DISPOSITION DATE: 05-08-00
    DOCKET NUMBER: SM02425-00
    PLACE: DISTRICT OF COLUMBIA
    CHARGES/SENTENCE:
        CONTEMPT/ THIRTY DAYS CONC W/A/O/SENTENCE
    COMPLIANCE REMARK:
        DC JAIL RECORDS DOES NOT INDICATE A DATE OF RELEASE.

    DISPOSITION DATE: 04-25-00
    DOCKET NUMBER: SM00038-00
    PLACE: DISTRICT OF COLUMBIA
    CHARGES/SENTENCE:
        2CTS: SIMPLE ASSAULT/  90 DAYS
    COMPLIANCE REMARK:
        DC JAIL RECORDS DOES NOT INDICATE A DATE OF RELEASE.

PRETRIAL SERVICES CASE NO.: 04111985    BAID: 99202994    TIME: 10:34 AM

DISTRICT OF COLUMBIA PRETRIAL SERVICES AGENCY

LOCKUP NO. 003 (CONTINUED)                                         APRIL 20, 2004
SHAWN ANTONIO PHILLIPS                                                   PAGE: 03

    DISPOSITION DATE: 04-21-00
    DOCKET NUMBER: SF07720-99
    PLACE: DISTRICT OF COLUMBIA
    CHARGES/SENTENCE:
        ASSAULT ON POLICE OFFICER/ ONE TO THREE YEARS
    COMPLIANCE REMARK:
        DC JAIL RECORDS DOES NOT INDICATE A DATE OF RELEASE.

    DISPOSITION DATE: 05-01-00
    DOCKET NUMBER: SM08639-99
    PLACE: DISTRICT OF COLUMBIA
    CHARGES/SENTENCE:
        ATTEMPT CRIME NOT LISTED/ NINETY DAYS
    COMPLIANCE REMARK:
        DC JAIL RECORDS DOES NOT INDICATE A DATE OF RELEASE.

PRETRIAL SERVICES RECOMMENDATION:

DETENTION ELIGIBILITY:
   ACCORDING TO INFORMATION AVAILABLE TO PRETRIAL SERVICES, THE DEFENDANT
   QUALIFIES TO BE DETAINED UNDER THE FOLLOWING PROVISION(S):

   THE DEFENDANT MAY BE HELD UNDER 23-1322(A)(1)(A) FOR NOT MORE THAN 5
   BUSINESS DAYS TO RECONSIDER RELEASE IN THE PENDING CASE(S).
   BASED ON TODAY'S CHARGE, THE DEFENDANT IS SUBJECT TO A DETENTION
   HEARING UNDER DCC 23-1322 (B)(1).
   A HEARING UNDER 23-1329(B)(1)(A) TO DETERMINE IF THERE IS PROBABLE
   CAUSE THE DEFENDANT HAS COMMITTED A NEW CRIME WHILE ON RELEASE.

   IF THE DEFENDANT IS NOT TO BE HELD UNDER THE ABOVE PROVISION(S),
   THE AGENCY RECOMMENDS:

  APPEARANCE RECOMMENDATIONS

    THAT THE DEFENDANT BE RELEASED ON PERSONAL RECOGNIZANCE WITH
    THE FOLLOWING CONDITIONS DESIGNED TO MINIMIZE POTENTIAL
    FAILURE TO APPEAR:
        THAT THE DEFENDANT REPORT TO THE PRETRIAL SERVICES AGENCY FOR
        DRUG EVALUATION AND POSSIBLE PROGRAM PLACEMENT.
        THAT THE DEFENDANT REPORT ONCE A WEEK IN PERSON TO THE
        PRETRIAL SERVICES AGENCY.


  SAFETY RECOMMENDATIONS

    THAT THE DEFENDANT BE RELEASED ON PERSONAL RECOGNIZANCE WITH
    THE FOLLOWING CONDITIONS DESIGNED TO MINIMIZE POTENTIAL
    THREAT TO COMMUNITY SAFETY:

PRETRIAL SERVICES CASE NO.: 04111985    BAID: 99202994    TIME: 10:34 AM

DISTRICT OF COLUMBIA PRETRIAL SERVICES AGENCY

LOCKUP NO. 003 (CONTINUED)                                    APRIL 20, 2004
SHAWN ANTONIO PHILLIPS                                           PAGE: 04

THAT THE DEFENDANT REPORT TO THE PRETRIAL SERVICES AGENCY
FOR DRUG EVALUATION AND POSSIBLE PROGRAM PLACEMENT.


PRETRIAL SERVICES REPRESENTATIVE

CHARLES W. HANIK, JR

_____


PRETRIAL SERVICES CASE NO.: 04111985    BAID: 99202994    TIME: 10:34 AM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN PHILLIPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 07-00824 (CCK) |
| | ) |
| KEN GOLDBERG, *et al.*, | ) |
| | ) |
| Respondents. | ) |
| | ) |

ORDER

Upon consideration of the respondent Coligan's motion to dismiss the petition for writ of mandamus relief, the memorandum of points and authorities in support thereof, and any opposition and reply thereto, it is by the Court this _____ day of _____, 2008,

ORDERED, that the respondent Coligan's motion to dismiss the petition for writ of mandamus relief is hereby GRANTED; and it is,

FURTHER ORDERED, that the petition is hereby DISMISSED. Petitioner lacks standing for the relief requested. Petitioner's allegations also fail to state a claim upon which the extraordinary relief of mandamus can be granted. As further grounds for dismissal, the petition has not been brought with reasonable promptness.

_____
COLLEEN KOLLAR-KOTELY
United States District Judge