UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHAWN PHILLIPS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-00824 (CCK) |
| | ) | |
| KEN GOLDBERG | ) | |
| Metropolitan Police Department | ) | |
| Sixth District | ) | |
| 100 42nd Street, N.E. | ) | |
| Washington, DC 20019, | ) | |
| | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| ————————————————— | ) | |

## RESPONDENT GOLDBERG'S MOTION TO DISMISS THE PETITION FOR WRIT OF MANDAMUS RELIEF

Respondent Kenneth Goldberg, through counsel and pursuant to Fed. R. Civ. P. 12(b)(1) and

(6), respectfully moves to dismiss the petition for writ of mandamus relief.  As grounds for this

motion, respondent Goldberg submits that this Court lacks jurisdiction since petitioner has no

standing to bring this action and that petitioner's allegations otherwise fail to state a claim

warranting the extraordinary remedy of mandamus.[1]

The grounds in support of this motion are fully set forth in the accompanying memorandum

of points and authorities, which is attached hereto and incorporated by reference.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

---

[1] On May 19, 2008, this Court dismissed the other respondent, Officer Coligan, whose motion to dismiss was not opposed by the petitioner.  This motion raises virtually identical grounds to those raised by Officer Coligan.

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Toni Michelle Jackson /s/
TONI MICHELLE JACKSON [453765]
Interim Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
By:    CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email: carl.schifferle@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHAWN PHILLIPS,                              )
                                             )
                    Petitioner,              )
                                             )
        v.                                   )   Civil Action No. 07-00824 (CCK)
                                             )
KEN GOLDBERG, *et al*.,                      )
                                             )
                    Respondents.             )
_____       )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RESPONDENT
GOLDBERG'S MOTION TO DISMISS THE PETITION FOR WRIT OF MANDAMUS RELIEF

I.      INTRODUCTION

        Respondent Kenneth Goldberg, a Metropolitan Police Department detective, moves to

dismiss this petition for writ of mandamus relief.  Petitioner Shawn Phillips seeks a writ of

mandamus, based on the Fourth Amendment, to prevent Detective Goldberg from allegedly

"harassing" him.  (Pet. at 2, 4).  Petitioner requests a court order directing the two respondent

officers to "stay away from me upon me coming home from jail soon."  (Id.)  Based on a notice

of address change filed in this case, petitioner was apparently released from prison on October

23, 2007.

        Detective Goldberg appears to have had contact with petitioner around April 2004, when

petitioner was arrested on an outstanding warrant.  (Exh. A, Arrest/Prosecution Report).  The

warrant was based on a complainant's report to police that petitioner struck him in the head with

a two-by-four board with protruding nails.  (Id. at 2).  The petitioner's attack knocked the

complainant unconscious, broke a bone in his face, knocked out some of his teeth, punctured his

nose, and caused him blindness in his left eye. (Id. at 2). Petitioner was subsequently sentenced in 2004 to thirty-nine months of incarceration. (Pet. at 2).

Petitioner claims that, around the time of his arrest and sentencing in 2004, Detective Goldberg told him, for example, that "he was going to do all that he can to put me back in jail because he do [sic] not wish to see me on his streets." (Pet. 2). The petition does not explain the context or circumstances in which such alleged statements were made. Petitioner also alleges no encounter with Detective Goldberg since petitioner's arrest and sentencing in 2004.

II.     ARGUMENT

This Court should dismiss the petition for mandamus relief. Technically, the Federal Rules of Civil Procedure abolished the writ of mandamus in the district courts. Fed. R. Civ. P. 81 (b). Rule 81(b), though, permits "relief heretofore available by mandamus" to be obtained in actions brought in compliance with the Civil Rules. "'The principles that governed the former writ now govern attempts to secure similar relief,' such as a mandatory injunction ordering a government employee or agency to perform a duty owed to the plaintiff." In re Cheney, 406 F.3d 723, 729 (D.C. Cir. 2005), quoting Sanchez-Espinoza v. Reagan, 770 F.2d 202, 207 n.7 (D.C. Cir. 1985). Here, petitioner seeks mandamus-type relief by requesting an injunction that would direct the respondent police officers in the performance of their official duties. Petitioner, however, lacks standing to bring this petition and otherwise fails to justify the extraordinary relief requested.

A.    <u>Petitioner Lacks Standing to Bring This Action</u>.

Petitioner first lacks standing for the relief requested.  Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges a threat of future injury that is both "real and immediate," not merely "conjectural" or "hypothetical." <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983).  Although "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury," <u>O'Shea v. Littleton</u>, 414 U.S. 488, 496 (1974), "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." <u>Lyons</u>, 461 U.S. at 102, quoting <u>O'Shea</u>, 414 U.S. at 496; <u>accord</u> <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 108-110 (1998) ("Because respondent alleges only past infractions of [the statute], and not a continuing violation or the likelihood of a future violation, injunctive relief will not redress its injury.")

Here, the petitioner cannot show a real and immediate threat of future injury.  His allegations against Detective Goldberg relate to petitioner's arrest and sentencing in 2004.  Thus, any alleged past injury occurred four years ago.  Petitioner alleges no subsequent encounter with Detective Goldberg.  The petition does not even assert that Detective Goldberg is currently assigned to the same police district where petitioner resides.[2]  Moreover, the prior incidents purportedly involving Detective Goldberg are described in such conclusory terms that the petition does not actually allege any prior unlawful conduct by Detective Goldberg.  Because the petition vaguely alleges incidents occurring many years ago, and not a continuing or imminent threat of injury, the petition should be dismissed for lack of standing.

---

[2] Indeed, as reflected on the return of service, Detective Goldberg is now assigned to the Sixth Police District, not the First District where petitioner lives.

B.    Petitioner's Allegations Otherwise Fail to Justify Mandamus Relief.

Petitioner also fails to state a sound basis for mandamus relief.  Jurisdiction over actions in the nature of mandamus "is strictly confined."  In re Cheney, 406 F.3d at 729.  Whether a petitioner is seeking mandamus remedy in the district court or the appellate courts, "analysis of whether mandamus relief is appropriate should . . . be constrained" by the same principles.  Id., quoting Cheney v. United States District Court, 542 U.S. 367, 390-91 (2004).  As the D.C. Circuit has noted, "mandamus is 'drastic'; it is available only in 'extraordinary situations'; it is hardly ever granted; [and] those invoking the court's mandamus jurisdiction must have a 'clear and indisputable' right to relief."  In re Cheney, 406 F.3d at 729, quoting In re Cheney, 334 F.3d 1096, 1101-02 (D.C. Cir. 2003).  Moreover, "even if the plaintiff overcomes all these hurdles, whether mandamus relief should issue is discretionary."  In re Cheney, 406 F.3d at 729.

Petitioner's allegations hardly establish a clear and indisputable right to relief.  Once again, the petition vaguely alleges some statements by Detective Goldberg four years ago.  It provides no detail regarding the date or circumstances of these alleged statements so as to indicate any possible merit to his allegations.  Given petitioner's extensive criminal history, any alleged conduct by police toward petitioner, even if true, may well have been fully justified.[3] Without sufficient allegations regarding the circumstances of past incidents, petitioner cannot show any past harm let alone any threat of future injury.  Petitioner's requested relief – a court order directing respondent officers to stay away from petitioner – is also unjustifiable because the respondent officers have a duty to enforce the law and petitioner has a history of breaking it.

---

[3] According to public records of the Superior Court of the District of Columbia, petitioner already had an extensive criminal history at the time of his arrest, including a conviction for assault on a police officer.  See Exh. B, D.C. Pretrial Services Agency Report 4/20/04.

Petitioner's requested stay away order would therefore intrude upon the law enforcement function. There is also the danger that the present action may be pretext for harassing and retaliatory litigation against police officers for taking proper law enforcement action against petitioner. Therefore, petitioner's right to the drastic remedy of mandamus is not clear and indisputable.

Finally, petitioner did not bring his petition in a timely manner. "As any remedy governed by equitable principles, mandamus must be sought with 'reasonable promptness.'" 13th Regional Corp. v. United States Dep't of Interior, 654 F.2d 758, 763 (D.C. Cir. 1980), quoting United States v. Olds, 426 F.2d 562, 566 (3d Cir. 1970). In this case, petitioner did not bring this action until about three years after his arrest and sentencing in 2004. While petitioner may have been incarcerated during much of the intervening time, he has remained a prolific filer in this Court.[4] Accordingly, this Court should dismiss this petition because it was not brought with reasonable promptness. See 13th Regional Corp., 654 F.2d at 763 (holding that delay of four years in bringing petition warranted denial of petition).

III.    CONCLUSION

For the foregoing reasons, this Court should dismiss the petition for writ of mandamus relief.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

---

[4] As this Court's docket reflects, petitioner has filed eight other civil actions since his arrest. See Phillips v. USA, 04-cv-2130; Phillips v. Spagnoletti, et al., 04-cv-2168; Phillips v. USA, 05-cv-128; Phillips v. Smith, et al., 05-178 (RCL); Phillips v. Haynes, et al., 06-cv-071; Phillips v. Allen, et al., 07-cv-526; Johnsoin, et al. v. Lappin, et al., 07-cv-909; Phillips v. Lappin, et al., 07-1339.

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Toni Michelle Jackson /s/
TONI MICHELLE JACKSON [453765]
Interim Chief, General Litigation Section III

/s/ Carl J. Schifferle /s/
By:     CARL J. SCHIFFERLE [463491]
Assistant Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6624
(202) 727-3625 (fax)
Email:  carl.schifferle@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion with accompanying memorandum of points and authorities and proposed order was mailed on this _10th_ day of June, 2008, by first-class mail, postage prepaid, to:

Shawn Phillips
313 16th Street, S.E.
Washington, DC 20003

/s/ Carl J. Schifferle /s/
CARL J. SCHIFFERLE
Assistant Attorney General

**METROPOLITAN POLICE DEPARTMENT**
Washington, D. C.

ARREST/PROSECUTION REPORT

P.D. 163 Rev. 5/2002                                G.O. 401.5

| 1. PERSON NOTIFIED OF NAME CHANGE – UNIT – DATE/TIME – NCIC NO. (ID ONLY) | 2. ID NUMBER (ID ONLY) ▶ |
|---|---|

| 5. UNIT-ARREST NO. | 3. DEFENDANT'S TRUE NAME – LAST, FIRST, MIDDLE (ID ONLY) ▶ | 4. CID NUMBER |
|---|---|---|
| | 6. DEFENDANT'S NAME – LAST, FIRST, MIDDLE (At time of arrest) **Phillips, Shawn A** | 7. DEA LAB NUMBER |

| 8. Arresting Officer's Name **Coligan, M K** | 9. TYPE OF RELEASE ☐ CITATION ☐ BOND ☐ COLLATERAL | 10. NICKNAME / ALIAS | 11. PHONE NUMBER |
|---|---|---|---|
| Rank **Ofc** | Badge # **4006** | Agency **MPD** | 12. COURT DATE **4/19/2004** | 13. ADDRESS (Include Room / Apt. No. City & State if Outside D.C.) ▶ 3301 16ᵗʰ ST NW | 14. TIME IN D.C. **Life** |

| 15. ☐ CHILD ABUSE ☐ GANG ☐ HATE ☐ SENIOR CITIZEN ☐ DOMESTIC VIOLENCE **SPECIAL INTELLIGENCE** | 16. SEX ▶ **Male** | 17. RACE ▶ **Black** | 18. BIRTHDATE ▶ ▓▓▓ | 19. SOCIAL SECURITY NUMBER ▓▓▓▓▓ |
|---|---|---|---|---|

| 20. NEED INTERPRETER ☐ YES ☒ NO | 21. HEIGHT 5'8 | 22. WEIGHT 200 | 23. HAIR blk | 24. EYES brn | 25. COMPLEX Med | 26. PERMIT NO/ST unknown | 27. BIRTHPLACE (City & State) Washington, DC |
|---|---|---|---|---|---|---|---|

| 28. CO-DEFENDANTS: Number 0 (If more than 3, list on back) | 29. IMPERSONATOR? ☐ M ☐ F ☒ NO | 30. ETHNICITY African-American | 31. CAUTION violent tendencies |
|---|---|---|---|
| NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | 32. SCARS/MARKS/TATTOOS none | | |
| 1. | 33. HAT none | 34. JACKET none | 35. PANTS green |
| 2. | 36. COAT none | 37. SHIRT black/white | 38. SKIRT/DRESS none |
| 3. | | | |

| 39. WALES/NCIC CHECK | | | |
|---|---|---|---|
| CHECK MADE BY (Name) | NCIC NUMBER | WARRANT ON FILE (If Yes, enter Warrant Numbers) Yes ☒ No ☐ USW 433-04 | |

| 40. LOCATION OF OFFENSE (Exact Address, include Room / Apt No.) ▶ Rear Alley 300 Block of 16ᵗʰ ST SE | DATE OF OFFENSE ▶ 4/10/04 | TIME OF OFFENSE ▶ 2000 |
|---|---|---|
| 40. LOCATION OF ARREST (Exact Address, include Room / Apt No.) ▶ 1700 Block of C ST SE | DATE OF ARREST ▶ 4/19/04 | TIME OF ARREST ▶ 1805 |

| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▶ | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ▶ |
|---|---|

| 43. DEFENDANT ADVISED OF RIGHTS | | | | | |
|---|---|---|---|---|---|
| DATE | TIME | LOCATION | OFFICER'S NAME – ADVISING / COMPLETING PD FORM 47/47A | BADGE NO. | UNIT |

| 44. COMPLAINANTS / WITNESSES (If sworn member – Name, Rank, Badge No. and Unit) MORE ☐ See Back | | | | |
|---|---|---|---|---|
| NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
| W-1 ▶ ▓▓ | ▓▓▓▓ | ▓▓ | ▓▓▓ | ▓▓▓ |
| W-2 ▶ | | | | |

| 45. SPEC. OPS 109 | 46. TACTICS 11 - Arrest Warrant | 47. PREMISES 1 - Street | 48. SCHOOL ZONE ☐ PUBLIC HOUSING ☐ |
|---|---|---|---|

| | CHARGES | NOI OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLA./BOND RECEIPT NO |
|---|---|---|---|---|---|
| ENTER THE LEAD CHARGE FIRST | 1. Aggravated Assault | USW433-04 | 052-401 | Lock up | |
| | 2. | | | | |
| | 3. | | | | |
| | 4. | | | | |
| | 5. | | | | |

| 50. PROPERTY RECOVERY / ITEMS OF EVIDENCE | | 51. INITALS – DATE – UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|---|
| PROPERTY BOOK/ PAGE NO. | CSES NO. | | |
| | | 52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS Hangs Out on the Corners at 15ᵗʰ, 16ᵗʰ and 17ᵗʰ and C St SE. Assaults elderly men with weapons. | |

| 54. CCB USE ONLY | HEIGHT | WEIGHT | HAIR | EYES | COMPLEX | SCARS/MARKS/TATTOOS |
|---|---|---|---|---|---|---|

DISTRIBUTION: Page 1 to ID & R ; Page 2 & 3 to Prosecutor; Page 4, Unit Copy; Page 5 Officer's Copy

COMPLETE ALL REQUIRED FIELDS AND MAKE FIVE COPIES FRONT TO BACK

**DEFENDANT'S EXHIBIT A**

**55. EMPLOYMENT HISTORY** (List present employment if any, on Line 1)

| FROM –DATE –TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
|---|---|---|---|---|
| 1. | Unemployed | | | |
| 2. | | | | |

**56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS AND ASSOCIATES** (Begin with immediate family)

| RELATIONSHIP | DOB/AGE | NAME – LAST, FIRST, M.I. | ADDRESS – STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| | | Unknown | | |
| | | | | |
| | | | | |

| 57. MILITARY SERVICE: BRANCH/DATE FROM – TO | 58. TELEPHONE CALL MADE | 59. PHONE NUMBER |
|---|---|---|
| none | ☐ YES  ☒ NO  ☐ REFUSED | |

**60. STATEMENT OF FACTS:** (Give a brief statement in your own words, of the facts surrounding the offense and the arrest. (Use Continuation Form PD 202A for additional space. Note present condition of any injured person(s). Do not give Witnesses' Names or Addresses. Refer to them as W1 or W2, as indicated in Item 31.)

The event occurred on 4/10/04 at approximately 2000 at Rear Alley 300 Block of 16th ST SE in Washington DC.

C-1 reports to the Metropolitan Police that on April 10, 2004 at approximatley 8:00 PM, in the Rear Alley of the 300 Block of 16th ST SE, that he was walking out of the alley and going home when D-1 called C-1 back into the Alley. D-1 had his back to C-1 and when C-1 approached, D-1 struck him, in the head, with a two by four board that had nails pertruding from it. The strike caused C-1 to go unconscious. The strike also broke a bone in C-1's face, knocked some of his teeth out, put a hole in his nose and has caused him blindness in his left eye.

On April 18, 2004 at approximatley 6:42 PM a photo array was examined by C-1. C-1 positivley identified D-1 (Phillips, Shawn DOB 2/12/1981; Soc Sec # 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) as the person who assaulted him on April 10, 2004.

On April 19, 2004 Officer Coligan of the Metropolitan Police Department applied for and received an arrest warrant from DC Superior Court, in reference to the above listed assault, for Mr. Phillips, USW 433-04.

On April 19, 2004 at approx. 1805, while on routine patrol, Officer Coligan observed Mr. Phillips standing in the park, with a group of males, in the 1700 Block of C ST SE. Officer Coligan approoched Mr. Phillips and conducted a stop. Mr. Phillips identified himself with a DC driver's permit with the name Shawn A. Phillips, DOB 2/12/1981 and his picture on it. A WALES/NCIC check through 1D dispatch confirmed the outstanding warrant.

Mr. Phillips was advised of the warrant, arrested and transported to 1D for processing.

On 4/18/2004 Crime Scene Search Unit 9239, Hammett recovered the board that was used in the assault and took pictures of C-1's injuries.

**61. DEFENDANT'S VERSION / REMARKS:** [What did defendant say about the offense or his/her whereabouts at the time of offense? (Use PD 118 for defendant's written statement.)]

| 62. RECORD CLERK'S NAME | 3. | 5. | 64. PROPERTY BOOK/PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|
| ARREST RECORD SUMMARY | 4. | 6. | |
| 1.            2. | | | |

**65. BAIL REFORM ACT CASES:** Was a statement made by defendant in reference to his/her failure to appear? ☐ Yes ☐ no
(If yes, include in Defendant's Version/Remarks Section above.)

| 66. PRINTED NAME – OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL | |
|---|---|---|---|---|
| Coligan, M K | 4006 | Ofc | | |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT 1D | DATE 3/12/2008 | UNIT | DATE |

DISTRICT OF COLUMBIA PRETRIAL SERVICES AGENCY

THE FOLLOWING INFORMATION IS SUBMITTED FOR USE IN DETERMINING
CONDITIONS OF RELEASE.

LOCKUP NO. 003                                    APRIL 20, 2004

UNITED STATES OF AMERICA VS SHAWN ANTONIO PHILLIPS

CHARGES: ADW                        DATE OF BIRTH: 02-12-1981

ALSO KNOWN AS:
    SHAWN PHILLIPS

ADDRESS:

    CURRENT ADDRESS:   313 16TH STREET, SE
                WASHINGTON, DC 20003
    LIVES WITH: GRANDMOTHER
    LENGTH OF RESIDENCE: LIFE
    VERIFIED BY GRANDMOTHER

EMPLOYMENT/SCHOOL/SUPPORT:

    PRESENT STATUS: UNEMPLOYED
    HOW LONG: 6 MONTHS
    INCOME SOURCE: GRANDMOTHER
    VERIFIED BY GRANDMOTHER

    PRIOR STATUS:   EMPLOYED
    WHERE: CVS
    HOW LONG: 1 YEAR
    TYPE OF WORK:   STOCK CLERK
    VERIFIED BY GRANDMOTHER

COMMUNITY TIES/EDUCATION:

    DC AREA RESIDENT FOR: LIFE         STEADILY
    YEARS EDUCATION: 010
    MARITAL STATUS: SINGLE
    OTHER FAMILY IN AREA NOT LIVING WITH DEFENDANT:
          COUSINS
          AUNTS
          UNCLES
    VERIFIED BY GRANDMOTHER

HEALTH HISTORY:

    NO APPARENT HEALTH PROBLEMS

SELF-REPORTED SUBSTANCE ABUSE:

    THE DEFENDANT REPORTS NO DRUG USE IN THE PAST MONTH

TEST RESULTS:


PRETRIAL SERVICES CASE NO.: 04111985   BAID: 99202994   TIME: 10:34 AM



DEFENDANT'S
EXHIBIT

B

DISTRICT OF COLUMBIA PRETRIAL SERVICES AGENCY

LOCKUP NO. 003 (CONTINUED)                          APRIL 20, 2004
SHAWN ANTONIO PHILLIPS                                    PAGE: 02

FROM: 04-20-04
          * NO INFORMATION AVAILABLE *

PENDING CASES:

     FILE DATE: 01-03-00
     DOCKET NUMBER: SD00008-00
     RELEASE DATE: 01-03-00   TYPE: PERSONAL RECOGNIZANCE
     OPEN CHARGES:
          SD00008-00   A     DISORDERLY
     OPEN BENCH WARRANTS:
          DATE: 02-04-00
          REASON: FAIL TO APPEAR - PR
     PENDING APPEARANCE:
          BENCH WARRANT ISSUED

     FILE DATE: 02-06-04
     DOCKET NUMBER: ST00670-04
     RELEASE DATE: 02-06-04   TYPE: PERSONAL RECOGNIZANCE WITH CONDITIONS
     APPEARANCE RELEASE CONDITIONS:
          OTHER CONDITION YOU SHALL NOT OPERATE ANY MOTOR VEHICLES
          OTHER CONDITION  IN DC W/OUT A VALID PERMIT
     SUMMARY OF RELEASE CONDITION COMPLIANCE FOR THIS CASE AS OF 04-20-04:
          PSA HAS NO COMPLIANCE INFORMATION IN THIS CASE.
     OPEN CHARGES:
          ST00670-04   A     SUSPENDED PERMIT
          ST00670-04   B     LEAVE AFTER COLLID INJURY
          ST00670-04   C     UNREGISTERED VEHICLE 40-105-A-1
     PENDING APPEARANCE:
          APPEARANCE DATE: 05-18-04
          APPEARANCE TYPE: JURY TRIAL

PRIOR CONVICTIONS:

     DISPOSITION DATE: 05-08-00
     DOCKET NUMBER: SM02425-00
     PLACE: DISTRICT OF COLUMBIA
     CHARGES/SENTENCE:
          CONTEMPT/ THIRTY DAYS CONC W/A/O/SENTENCE
     COMPLIANCE REMARK:
          DC JAIL RECORDS DOES NOT INDICATE A DATE OF RELEASE.

     DISPOSITION DATE: 04-25-00
     DOCKET NUMBER: SM00038-00
     PLACE: DISTRICT OF COLUMBIA
     CHARGES/SENTENCE:
          2CTS: SIMPLE ASSAULT/  90 DAYS
     COMPLIANCE REMARK:
          DC JAIL RECORDS DOES NOT INDICATE A DATE OF RELEASE.

PRETRIAL SERVICES CASE NO.: 04111985   BAID: 99202994   TIME: 10:34 AM

DISTRICT OF COLUMBIA PRETRIAL SERVICES AGENCY

LOCKUP NO. 003 (CONTINUED)                         APRIL 20, 2004
SHAWN ANTONIO PHILLIPS                                   PAGE: 03

    DISPOSITION DATE: 04-21-00
    DOCKET NUMBER: SF07720-99
    PLACE: DISTRICT OF COLUMBIA
    CHARGES/SENTENCE:
        ASSAULT ON POLICE OFFICER/ ONE TO THREE YEARS
    COMPLIANCE REMARK:
        DC JAIL RECORDS DOES NOT INDICATE A DATE OF RELEASE.

    DISPOSITION DATE: 05-01-00
    DOCKET NUMBER: SM08639-99
    PLACE: DISTRICT OF COLUMBIA
    CHARGES/SENTENCE:
        ATTEMPT CRIME NOT LISTED/ NINETY DAYS
    COMPLIANCE REMARK:
        DC JAIL RECORDS DOES NOT INDICATE A DATE OF RELEASE.

PRETRIAL SERVICES RECOMMENDATION:

DETENTION ELIGIBILITY:
    ACCORDING TO INFORMATION AVAILABLE TO PRETRIAL SERVICES, THE DEFENDANT
    QUALIFIES TO BE DETAINED UNDER THE FOLLOWING PROVISION(S):

    THE DEFENDANT MAY BE HELD UNDER 23-1322(A)(1)(A) FOR NOT MORE THAN 5
    BUSINESS DAYS TO RECONSIDER RELEASE IN THE PENDING CASE(S).
    BASED ON TODAY'S CHARGE, THE DEFENDANT IS SUBJECT TO A DETENTION
    HEARING UNDER DCC 23-1322 (B)(1).
    A HEARING UNDER 23-1329(B)(1)(A) TO DETERMINE IF THERE IS PROBABLE
    CAUSE THE DEFENDANT HAS COMMITTED A NEW CRIME WHILE ON RELEASE.

    IF THE DEFENDANT IS NOT TO BE HELD UNDER THE ABOVE PROVISION(S),
    THE AGENCY RECOMMENDS:

  APPEARANCE RECOMMENDATIONS

    THAT THE DEFENDANT BE RELEASED ON PERSONAL RECOGNIZANCE WITH
    THE FOLLOWING CONDITIONS DESIGNED TO MINIMIZE POTENTIAL
    FAILURE TO APPEAR:
        THAT THE DEFENDANT REPORT TO THE PRETRIAL SERVICES AGENCY FOR
        DRUG EVALUATION AND POSSIBLE PROGRAM PLACEMENT.
        THAT THE DEFENDANT REPORT ONCE A WEEK IN PERSON TO THE
        PRETRIAL SERVICES AGENCY.

  SAFETY RECOMMENDATIONS

    THAT THE DEFENDANT BE RELEASED ON PERSONAL RECOGNIZANCE WITH
    THE FOLLOWING CONDITIONS DESIGNED TO MINIMIZE POTENTIAL
    THREAT TO COMMUNITY SAFETY:

PRETRIAL SERVICES CASE NO.: 04111985   BAID: 99202994    TIME: 10:34 AM

DISTRICT OF COLUMBIA PRETRIAL SERVICES AGENCY

LOCKUP NO. 003 (CONTINUED)                    APRIL 20, 2004
SHAWN ANTONIO PHILLIPS                             PAGE: 04


THAT THE DEFENDANT REPORT TO THE PRETRIAL SERVICES AGENCY
FOR DRUG EVALUATION AND POSSIBLE PROGRAM PLACEMENT.


PRETRIAL SERVICES REPRESENTATIVE

CHARLES W. HANIK, JR

_____

PRETRIAL SERVICES CASE NO.: 04111985    BAID: 99202994    TIME: 10:34 AM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN PHILLIPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 07-00824 (CCK) |
| | ) |
| KEN GOLDBERG, *et al.*, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

ORDER

Upon consideration of the respondent Goldberg's motion to dismiss the petition for writ of mandamus relief, the memorandum of points and authorities in support thereof, and any opposition and reply thereto, it is by the Court this _____ day of _____, 2008,

ORDERED, that the respondent Goldberg's motion to dismiss the petition for writ of mandamus relief is hereby GRANTED; and it is,

FURTHER ORDERED, that the petition is hereby DISMISSED. Petitioner lacks standing for the relief requested. Petitioner's allegations also fail to state a claim upon which the extraordinary relief of mandamus can be granted. As further grounds for dismissal, the petition has not been brought with reasonable promptness.

_____
COLLEEN KOLLAR-KOTELY
United States District Judge